IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TYLER ALEXANDER; THOMAS CALEB BELL; RODNEY BELL; DILLON BUDDE; ROBERT CARPENTER; BRYAN CARR; JAMES CORTESE; RYAN DIVIS; AARON GALLICK; PETER GILDEA; ZACHARY HAUSER; MARK HERSOM; OLIVIA KAPLAN; STEVE KURY; DANIEL MAY; ROBERT NEREM; JEFFREY POSTMA; TIMOTHY SINNWELL; DAVID STOCKWELL; KARI SULLIVAN; COLBY TILL; FELIX VANDERBRINK; NATHAN WITTENSTEIN; and ISAAC YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO & COMPANY; and WELLS FARGO & COMPANY SALARY CONTINUATION PAY PLAN,<br><br>Defendants. | No. 4:20-cv-00044-RGE-CFB<br><br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiffs Tyler Alexander and twenty-three other former employees of Wells Fargo Bank allege Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, and Wells Fargo & Company Salary Continuation Pay Plan improperly withheld their wages in violation of Iowa Code § 91A. Plaintiffs claim Wells Fargo[1] denied them severance pay benefits and interfered with their rights to benefits in violation of the Employee Retirement Income Security Act (ERISA). Plaintiffs' complaint sets forth three counts: Count One, recovery of wages under

---

[1] The Court refers to all Defendants collectively as "Wells Fargo" for purposes of this Order.

Iowa Code § 91A.8; Count Two, recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B); and Count Three, interference with protected rights under ERISA, 29 U.S.C. § 1140. Wells Fargo moves to dismiss Count Two under Federal Rule of Civil Procedure 12(b)(6). It argues Plaintiffs' claims are time-barred under its Salary Continuation Pay Plan and its Summary Plan Description. For the reasons explained below, the Court grants Wells Fargo's partial motion to dismiss.

## II.   BACKGROUND

The Court accepts the following facts as true for the purpose of analyzing Wells Fargo's motion to dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

On November 7, 2018, Wells Fargo terminated the employment of its Premier ONE team members, including Plaintiffs. Am. Compl. ¶ 49, ECF No. 25. Wells Fargo eliminated Plaintiffs' positions and the Premier ONE department. *Id.* ¶ 50. Wells Fargo did not replace Plaintiffs' positions. *Id.* ¶ 51. Wells Fargo designated the reason for the terminations as violations of its Employment Policies. *Id.* ¶ 54.

Wells Fargo maintains a Salary Continuation Pay Plan ("Plan") and a Summary Plan Description governing benefits for eligible employees. Defs.' Ex. A-3 Supp. Partial Mot. Dismiss, ECF No. 29-5; Defs.' Ex. A-4 Supp. Partial Mot. Dismiss, ECF No. 29-6. The Plan sets forth compensation for eligible employees. *See* ECF No. 29-5 at 2. The Summary Plan Description outlines the Plan's general eligibility requirements. *See* ECF No. 29-6 at 2. Under the Plan, an employee is eligible for continued pay after leaving the company if the employee's position is eliminated. ECF No. 25 ¶ 53. But employees terminated for violating company policy are not eligible for continued pay. *See id.* ¶ 54; Defs.' Ex. A-1 Supp. Partial Mot. Dismiss 1, ECF No. 29-3.

The Claims Procedures in the Plan provides:

> Any Participant who believes that he or she is entitled to a Plan benefit may submit a claim for benefits to the Plan Administrator. The claim should be filed within ninety (90) days of (i) the date the Participant learns the amount of Plan benefits available to the Participant under the Plan or (ii) the date the Participant learns that there will be no Plan benefit available to the Participant under the Plan.

ECF No. 29-5 at 17.

The Summary Plan Description states:

> Normally, salary continuation pay will automatically be paid to all eligible participants who qualify under the Plan. However, if you have not received this benefit and you believe that you are entitled to it, or if you believe you are entitled to a larger benefit than you are eligible to receive, you may file a claim with the Plan Administrator.
>
> For Position Eliminations and Qualified Events relating to a return from a Qualified Medical Leave, you must file a claim within 90 days of either of the following:
> - The date you learn the amount of salary continuation pay benefit available to you under the Plan.
> - The date you learn that there will be no salary continuation pay benefit available to you under the Plan.

ECF No. 29-6 at 11.

On April 12, 2019, all Plaintiffs, except Plaintiff Kari Sullivan, filed claims for Plan benefits. ECF No. 25 ¶ 56. Sullivan filed her claim December 11, 2019. *Id.* ¶ 58. On August 15, 2019, the Plan Administrator denied claims for all Plaintiffs except Sullivan. *Id.* ¶ 57. Sullivan's claim was denied March 16, 2020. *Id.* ¶ 59. The denial letters indicated Plaintiffs were ineligible to receive severance pay benefits because Wells Fargo terminated them for violating company policy, a "Disqualifying Event" under the Plan. ECF 29-3 at 1–46. The letters further stated Plaintiffs' claims were untimely under the Plan and the Summary Plan Description, which required Plaintiffs to file claims within ninety days from November 7, 2018—by February 6, 2019. *Id.*

3

All Plaintiffs (except Sullivan) filed their claims on April 12, 2019, 156 days after November 7, 2018. ECF No. 25 ¶ 56. Plaintiff Sullivan filed her claim on December 11, 2019, 399 days after November 7, 2018. *Id.* ¶ 58. Plaintiffs timely appealed their denials. ECF No. 25 ¶¶ 61, 63. The Plan Administrator denied Plaintiffs' appeals. *Id.* ¶¶ 62, 64.

Plaintiffs filed three-counts against Wells Fargo: Count One, recovery of wages under Iowa Code § 91A.8; Count Two, recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B); and Count Three, interference with protected rights under ERISA, 29 U.S.C. § 1140. Compl., ECF No. 1. Plaintiffs filed an amended complaint adding Sullivan's claims under the same three counts. ECF No. 25.

Now before the Court is Wells Fargo's motion to dismiss Count Two of Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 29. Wells Fargo contends Plaintiffs' ERISA claims under Count Two are time-barred because Plaintiffs did not file their claims within the ninety-day deadline provided in the Plan and Summary Plan Description. Defs.' Br. Supp. Partial Mot. Dismiss 2, ECF No. 29-1. Plaintiffs resist, arguing the ninety-day deadline does not apply to them. Pls.' Br. Resist. Defs.' Partial Mot. Dismiss 1, ECF No. 31. Wells Fargo replied. ECF No. 32. Neither party requests oral argument and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c).

Additional facts are set forth below as necessary.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential

function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual allegations in the complaint, but not the legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56).

A plausible claim for relief "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A plaintiff must "nudge[ ] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citation omitted).

## IV. DISCUSSION

ERISA governs suits for payment of salary continuation benefits. 29 U.S.C. §§ 1001 *et. seq.* Claimants must first pursue and exhaust administrative remedies set forth under an ERISA plan. *See Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998). Wells Fargo contends Plaintiffs failed to pursue the administrative remedies set forth in the Plan by failing to timely file benefits claims within the ninety-day deadline. *See* ECF No. 29-1 at 7–11. Plaintiffs do not dispute the timeline of events. Instead, Plaintiffs contend the claims are not time-barred for two reasons. First, Plaintiffs argue the ninety-day deadline does not apply to them because the Plan and Summary Plan Description conflict and, as such, the Summary Plan Description governs.

ECF No. 31 at 5–7. Second, Plaintiffs contend that even if the ninety-day deadline applies, their claims are not time-barred because they did not receive notice their benefits would terminate until the Plan administrator denied their claims. *Id.* at 8–9. The Court considers each of Plaintiffs' arguments below.

    **A.    Conflict Between the Plan and Summary Plan Description**

Plaintiffs contend the application of the filing timeline in the Plan and Summary Plan Description conflict. ECF No. 31 at 5–6. They argue the Plan applies a ninety-day filing deadline to all participants, while the Summary Plan Description provides a ninety-day filing deadline only for Position Eliminations or Qualified Events relating to Qualified Medical Leave. *Id.* at 6. Wells Fargo responds no conflict exists where the Summary Plan Description simply uses different language than the Plan. ECF No. 32 at 2. Wells Fargo further contends Plaintiffs specifically alleged they suffered a Position Elimination; thus, both documents subject Plaintiffs to the ninety-day filing deadline. *Id.* at 2–3.

In their amended complaint, Plaintiffs allege the stated reason they were fired—violating company policy, a Disqualifying Event—was pretextual. ECF No. 25 ¶¶ 49–54. They argue Wells Fargo should have designated their separation as a Position Elimination, a Qualifying Event under the Plan. *Id.* For purposes of their argument, Plaintiffs maintain their termination was a Disqualifying Event. ECF No. 31 at 7. The Court concludes the distinction is immaterial. Under either categorization of their termination, Plaintiffs are subject to the ninety-day filing window. For purposes of this discussion, the Court assumes Wells Fargo gave Plaintiffs notice on November 7, 2018, when it terminated Plaintiffs' employment. *See* ECF No. 25 ¶ 49.

A summary plan description is "a plain language summary of the plan's terms and benefits" designed to simplify an otherwise lengthy document. *Palmisano v. Allina Health Sys., Inc.*,

6

190 F.3d 881, 888 (8th Cir. 1999); *see* 29 U.S.C. § 1022(a); 29 C.F.R. § 2520.102-2; *see also* ECF No. 31 at 6 (citing *McKnight v. S. Life & Health Ins. Co.*, 758 F.2d 1566, 1570 (11th Cir. 1985)). As such, it necessarily omits certain details otherwise contained in a plan. A summary plan description governs when it conflicts with the terms of a formal plan document. *Koons v. Aventis Pharm., Inc.*, 367 F.3d 768, 775 (8th Cir. 2004) (citing *Jensen v. SIPCO, Inc.*, 38 F.3d 945, 952 (8th Cir. 1994)). As the Eighth Circuit has noted, this rule emphasizes the importance of disclosure to plan participants. *See Jensen*, 38 F.3d at 952; *accord Jobe v. Med. Life Ins. Co.*, 598 F.3d 478, 483 (8th Cir. 2010). A summary plan description does not automatically conflict with a plan when the summary contains language different from the plan. *See Koons*, 367 F.3d at 775; *accord Kitterman v. Coventry Health Care of Iowa*, 788 F. Supp. 2d 892, 899 (N.D. Iowa 2011) ("[A] [summary plan description] does not necessarily conflict with the plan simply because it uses different language, if it nevertheless incorporates the substance of the plan's more explicit terms.").

The general rule that the "summary plan description controls" does not apply "when the plan document is specific and the [summary plan description] is silent on a particular matter." *Koons*, 367 F.3d at 775. "While clear and unambiguous *statements* in the summary plan description are binding, the same is not true of silence." *Jensen*, 38 F.3d at 952 (emphasis in original). In *Koons*, the plaintiff argued he was entitled to severance benefits after his employer terminated him for cause because the summary plan description did not include the same eligibility language the plan used. 367 F.3d at 775. Although the plan specifically barred severance benefits for terminations resulting from "voluntary resignation, death, disability, unsatisfactory performance or violation of Company policy," the summary plan description did not include these conditions. *Id.* Instead, the summary plan description only provided that employees terminated due

to company reorganization could still receive benefits under certain conditions. *Id.* The Eighth Circuit found no conflict between the documents. *Id.* It explained, "[T]he [p]lan's description includes [the violation] condition, while the [summary plan description] is silent, as it is with death, disability, and resignation." *Id.* When the plan is specific, and the summary plan description is silent, the plan controls. *Id.*; *see also Jensen*, 38 F.3d at 952.

The Court here considers the language of both the Plan and the Summary Plan Description to determine whether they conflict.

The Plan provides a general ninety-day window for filing claims:

> Any Participant who believes that he or she is entitled to a Plan benefit may *submit a claim for benefits to the Plan Administrator*. The claim should be filed *within ninety (90) days* of (i) the date the Participant learns that amount of Plan benefits available to the Participant under the Plan or (ii) the date the Participant learns that there will be no Plan benefit available to the Participant under the Plan.

ECF No. 29-5 at 17 (emphasis added).

The Summary Plan Description states salary continuation pay will be paid automatically to all qualifying participants. ECF No. 29-6 at 11. It explains participants may file written claims for benefit disputes, stating:

> For Position Eliminations and Qualified Events relating to a return from a Qualified Medical Leave, you must file a written claim *within 90 days* of either of the following:
> - The date you learn the amount of salary continuation pay benefit available to you under the Plan
> - The date you learn that there will be no salary continuation pay benefit available to you under the Plan

*Id.* (emphasis added).

Here, Plaintiffs concede the Plan provides a general ninety-day filing window for all participants claiming benefits. ECF No. 31 at 6. The Summary Plan Description specifically

highlights the general ninety-day window for two specific events: Position Eliminations and Qualified Events relating to a return from a Qualified Medical Leave. ECF No. 29-6 at 11.

The question is whether the Summary Plan Description is silent as to the general time limit to file claims. Under *Koons*, some ambiguity exists regarding how broadly the Court should construe "silence" in a summary plan description. *See* 367 F.3d at 775. The defendant's plan in *Koons* specifically stated that termination for violating company policy disqualified participants from severance eligibility. *Id.* But the summary plan description did not mention whether termination for this violation was an eligibility condition. *Id.* In fact, the summary plan description made no mention of any eligibility conditions at all—it simply stated that "eligible associates must perform satisfactorily during the notice period." *Id.* Here, Wells Fargo's Summary Plan Description is "silent" in a narrower sense. The Summary Plan Description mentions the ninety-day timeline with respect to two specific terminating events. ECF No. 29-6 at 11. But it is silent concerning the timeline's application to Disqualifying Events and all other events. Because *Koons* involved a summary plan description completely silent on a subject the plan explicitly addressed, the narrower silence in Wells Fargo's Summary Description Plan presents a slightly different issue.

While the Court recognizes this distinction, it nevertheless concludes that under the Eighth Circuit's interpretation of "conflict" and "silence," no conflict exists between Wells Fargo's Plan and its Summary Plan Description. The "summary plan description governs" rule stresses "the importance of disclosure to employees." *Jobe*, 598 F.3d at 481 (citing *Marolt v. Alliant Techsystems, Inc.*, 146 F.3d 617, 621 (8th Cir. 1998)). Where a plainspoken plan says one thing and "an obscure passage in a transactional document only lawyers will read and understand says something else, . . . [t]he accessible provisions govern because adequate disclosure to employees

9

is one of ERISA's major purposes." *Id.* at 481 (citing *Marolt*, 146 F.3d at 621) (internal quotation marks omitted). Consequently, the Eighth Circuit has found "conflict" where a plan and summary plan description differ concerning an employee's rights—for example, when an employer's plan provides an employee benefit, but the summary plan description preserves the employer's right to amend or terminate the plan. *See Barker v. Ceridian Corp.*, 122 F.3d 628, 635 (8th Cir. 1997) (finding a conflict where a formal disability plan provided employer-paid insurance premiums until an employee was no longer disabled, but the summary plan included a rights reservation clause allowing the employer to change or discontinue the plan at any time); *Jensen*, 38 F.3d at 948–50 (finding a conflict where the plan provided that the employer would pay medical benefits until a retiree died, but the summary plan included a clause reserving the employer's right to terminate or alter the plan at any time).

Like in *Koons*, the Summary Plan Description here is silent as to the general filing window. *Cf.* 367 F.3d at 775. While the Plan states the general rule that all claims must be filed within ninety days, the Summary Plan Description merely notes this deadline for two specific kinds of claims. Thus, the language of the documents does not conflict. On the issue of whether the ninety-day timeline applies to other instances of termination, the Plan provides the generally applicable time frame, and the Summary Plan Description is silent. The Summary Plan Description does not reference a filing timeline for Disqualifying Events. *See* ECF No. 29-6 at 11. It also does not mention Qualifying Employment Offers, or Qualifying Events unrelated to medical leave, which the Plan includes. *Id.*; ECF No. 29-5 at 7, 10. Thus, the Plan and Summary Plan Description do not conflict. Because the Summary Plan Description is silent and the Plan specifically provides the filing timeline, the Plan controls. *Cf. Koons*, 367 F.3d at 775; *Jensen*, 38 F.3d at 952.

The Eighth Circuit has also found a conflict exists where the summary plan grants certain rights or privileges that the formal policy does not. *See Marolt*, 146 F.3d at 621 (finding summary plan description governed where it entitled beneficiary to "bridge" a break in her service time for retirement benefits, but the formal plan did not). Even where the Eighth Circuit found a meaningful difference between the documents, it declined to follow the "summary plan description governs" rule when doing so would be inconsistent with the overall purpose of providing disclosure to employees. *See Jobe*, 598 F.3d at 481 (finding documents conflicted but declining to follow the summary plan description because the summary plan granted the plan administrator discretion to determine benefits while the plan did not). A central concern is whether the difference between the documents gives employers unfair leverage over employees who are otherwise entitled to benefits under one of the documents. *Cf. id.*

There is no such concern here. Plaintiffs do not contend the Plan or the Summary Plan Description contain any rights reservation or discretionary clause depriving them of benefits. The language difference Plaintiffs point to concerns only the claims filing timeline. The difference does not allow an administrator vested with discretion to change an employee's entitlement to benefits. *Cf. Barker*, 122 F.3d at 635; *Jensen*, 38 F.3d at 948–50.

The Court finds no conflict exists between the Plan and the Summary Plan Description. Thus, the Plan's language governs. *See Koons*, 367 F.3d at 775. Plaintiffs' ninety-day filing timeline began to run when they received their termination notice on November 7, 2018. All Plaintiffs filed claims well after the ninety days. Except for Plaintiff Sullivan, all Plaintiffs filed claims on April 12, 2019—156 days after the filing clock began to run. ECF No. 25 ¶ 56. Plaintiff Sullivan filed her claim on December 11, 2019—399 days after the filing clock began to run. *Id.* ¶ 58. Treating Plaintiffs' termination as a Disqualifying Event subjects Plaintiffs to the

Plan's general ninety-day filing window. Accepting Plaintiffs' separation as a Position Termination subjects them to the ninety-day window under both the Summary Plan Description and the Plan. ECF No. 32 at 2–3. Plaintiffs failed to file claims within the ninety-day window. Regardless of how the Court classifies Plaintiffs' termination, their claims are barred.

**B. Notice**

Plaintiffs contend the ninety-day filing window does not apply because they did not know their benefits would end when they received their termination letters on November 7, 2018. ECF No. 31 at 8–9. Rather, they assert the ninety-day window began on August 19, 2019, when they received the Plan Administrator's letter denying their claims. Defs.' Ex. A-5 Supp. Partial Mot. Dismiss 2, ECF No. 29-7; ECF No. 31 at 8–9.

Plaintiffs have not submitted the November 7, 2018 termination letter to support their argument. But Plaintiffs acknowledge they were terminated for cause on that day. ECF No. 25 ¶ 49. Plaintiffs then filed claims seeking salary continuation pay benefits. The Court finds the fact Plaintiffs filed claims provides evidence they did not receive post-termination benefits. Plaintiffs thus "learn[ed] that there will be no salary continuation pay benefit available" to them under the Plan when their employment was terminated. ECF No. 29-6 at 11. Wells Fargo also asserts Plaintiffs did not receive any written notice that they remained eligible for Plan benefits or continued pay at the time of termination. ECF No. 32 at 5. Wells Fargo further asserts Plaintiffs did not receive continued benefits or pay after termination. *Id.* Plaintiffs do not rebut these assertions. Thus, Plaintiffs' termination, and the November 7, 2018 termination letter, notified them that their benefits would end. Because Plaintiffs did not file claims within the ninety-day filing window after termination, they fail to state a plausible claim for benefits under ERISA.

## V. CONCLUSION

Plaintiffs failed to show they filed their claims within the ninety-day filing timeline provided in Wells Fargo's Salary Continuation Pay Plan and uncontradicted by the Summary Plan Description. The Plan's plain language states all claims must be filed within ninety days after a participant learns benefits have been terminated. The Summary Plan Description's language highlights this timeline for specific types of claims and does not conflict with the Plan. Plaintiffs received notice their benefits were terminated on November 7, 2018, when their employment was terminated. Plaintiffs filed their claims 156 days and 399 days after they received notice, well past the ninety-day deadline. The Court concludes Plaintiffs' claims to recover benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), as alleged in Count Two of the amended complaint, are time-barred. Thus, the Court dismisses Count Two for failure to state plausible claims.

**IT IS ORDERED** that the Partial Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 29, filed by Wells Fargo Bank, N.A., Wells Fargo & Company, and Wells Fargo & Company Salary Continuation Pay Plan is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE